```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                       Richmond Division
```

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:18cr52

UNIQUE K. NICHOLS

**MEMORANDUM ORDER**

This matter is before the Court on the MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i); THE FIRST STEP ACT CONFIRMED COVID-19 CASES AT THE PRISON; THE EXTRAORDINARY REHABILITATION BY NICHOLS AND THE FACT THAT HE IS NO LONGER A THREAT TO PUBLIC SAFETY (ECF No. 105) filed *pro se* by the defendant, Unique K. Nichols (the "*Pro Se* Motion"), the MOTION FOR SENTENCE REDUCTION BASED ON FIRST STEP ACT (ECF No. 112) filed subsequently by court-appointed counsel (the "Counsel Motion"), the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 115), and the defendant's *pro se* ADDENDUM TO MOTION FOR REDUCTION UNDER SECTION 18 U.S.C. 3582(c)(1)(A)(i) (ECF No. 122) ("Addendum 1"), and the *pro se* ADDENDUM TO MOTION FOR REDUCTION UNDER SECTION 18 U.S.C. 3582(c)(1)(A)(i) (ECF No. 125) ("Addendum 2").

For the reasons set forth below, the *Pro Se* Motion (ECF No. 105) and the Counsel Motion (ECF No. 112) as augmented by Addendum 1 and Addendum 2, are denied without prejudice to the refiling of

an appropriate Motion for Compassionate Release that does not suffer from the defects described below which make it impossible accurately to assess the request for relief.

## BACKGROUND

According to the record in this case, Nichols, knowingly, intentionally, and unlawfully distributed a mixture of a substance containing a detectable amount of cocaine on March 24, 2007, at which time Nichols purchased .3804 grams of cocaine base. Then on April 25, 2017, he again purchased cocaine base from a confidential informant in a controlled buy transaction. A few days later a properly executed search warrant of the residence where Nichols was staying produced crack cocaine, marijuana, packaging materials, a digital scale, documents belonging to Nichols, a loaded caliber weapon with an extended clip and a rifle. A witness stated that Nichols and his co-defendant had been distributing narcotics from that address for the past four months. Notwithstanding the yield of the search warrant, Nichols was held accountable for distribution of .3804 grams of cocaine base in the Presentence Report (ECF No. 107, ¶ 24).

Nichols has an extensive criminal history beginning at the age of 17 when he was convicted of conspiracy to commit a felony and possession with intent to distribute. He was committed to the Department of Juvenile Justice.

2

Upon release from juvenile confinement, Nichols built a significant adult conviction record beginning with a trespassing conviction at the age 18, followed by driving on a suspended license at age 18.  At age 19, he was convicted of conspiracy to distribute a Schedule II controlled substance (cocaine).  At age 21, he was convicted of possession of marijuana.  At age 22, he was convicted of distribution of a Schedule II controlled substance (cocaine), conspiracy to distribute a Schedule II controlled substance (cocaine), and another count of distribution of a Schedule II controlled substance (cocaine).  He received lenient sentences for all of those offenses with most of the time of incarceration being suspended.  However, probation violations resulted in revocation of probation and he was sentenced to subsequent terms of seven years.

Nichols was released to supervision in March 2013 (which would expire on July 15, 2043).  Having served his time in prison, he was again convicted of criminal possession of a controlled substance in New York for which he was sentenced to 48 months imprisonment.  His record is also littered with numerous traffic and minor offenses.  As a result of all those convictions, he has a criminal history category VI.[1]

---

[1] Nichols was also characterized as a career offender which also established a criminal history category of VI.  Importantly, for this case, Nichols achieved a maximum for category VI on his own without aid of the career offender enhancement.

3

Indeed, Nichols' criminal history recitation spanned thirteen largely single-spaced pages in the Presentence Report (ECF No. 107, ¶¶ 41-61).

Nichols earned an enhancement as a career offender by virtue of the fact that he had at least two prior felonies convictions for controlled substance offenses (Presentence Report, ¶¶ 48 and 52).

The offense of conviction was 12, and with the criminal history category of VI, the guideline range was 24 to 30 months imprisonment. However, with the career offender enhancement, the total offense level was 29 (32 less acceptance of responsibility credits) and the criminal history category was VI with an advisory guideline range of 151 to 188 months of imprisonment.

The Court, however, did not sentence the defendant to a career offender sentence because it granted a motion for a downward variance. (ECF Nos. 101 and 103).

## DISCUSSION

The record in this case contains many inconsistencies and assertions which prohibit an intelligent and careful assessment of the defendant's motions. To begin, the record is confusing respecting whether Nichols has filed a motion for release with the Bureau of Prisons. The Bureau of Prisons reports that it has no

4

such request (ECF No. 118). Exhibit A to the *Pro Se* Motion (ECF No. 105-1) appears to be a request to the Bureau of Prisons. The Government's response (ECF No. 115, pp. 6-9) seems to acknowledge that Nichols filed a request with the Warden of the Hazleton facility but asserts the lack of exhaustion because he did not raise therein the grounds of relief raised in the *Pro Se* Motion and the Counsel Motion. The Court notes that the argument made by the United States has no viability having been rejected by the Fourth Circuit. The discrepancy is noted because it is one of many that appear in this record.

Second, Nichols asserts a COVID-19 related predicate for compassionate relief. In the Counsel Motion, it is asserted that he has been vaccinated. However, the medical records in the possession of the United States and as reported by the Probation Officer reflect that Nichols refused the Moderna vaccine on March 16, 2022. That is an important question that needs to be accurately assessed on the basis of the record which is confused, to say the least. That is because Nichols makes much of the fact that he has asthma and is exposed to a greater risk of serious consequences if he contracts COVID-19. Hence, the confusion and inconsistency are of some moment in resolution of the motions.

Third, and far more seriously, in the two Addenda (ECF Nos. 122 and 125), Nichols makes an assertion that previously he has asserted as a ground for compassionate release the decision of

5

United States v. Norman, 935 F.2d 232, 239 (4th Cir. 2019) and its holding that a drug conspiracy conviction is not a controlled substance offense. Nichols also reiterates that assertion in the Second Addendum (ECF No. 125, p. 2). Therein, Nichols actually asserts that "the United States concedes that Norman is the current law of the Fourth Circuit." He also asserts that "it [the Government] also agrees because of the outcome of Norman, Hill would not receive a career offender enhancement if he were sentenced today." What is meant by that contention is difficult to discern but it appears as if in the Addendum (ECF No. 125), Nichols is attempting to claim the benefit of Norman.

In any event, in its response to the *Pro Se* Motion or the Counsel Motion, the United States made no concessions and did not even mention Norman. So, Nichols is misrepresenting pertinent facts in the two Addenda. Moreover, the offense of conviction here was not a conspiracy charge, it was a distribution charge; so it is difficult to discern how Norman might apply here.

Fourth, Nichols makes a new argument asserting that he "would like to have considered U.S. v. Campbell, 22 F.4th 438, in Campbell his sentence was vacated because 'the defendant did not have the requisite two prior convictions of a controlled substance offense.'" (ECF No. 125, p. 2). The reference to Campbell presents an issue not presented in any of the motions or briefs previously filed with the Court and is an entirely different

6

question but it seems to be based upon the decision in Norman. Campbell has been significantly limited to its particular facts by the decisions in United States v. Groves, 65 F.4th 166 (2023) and United States v. Davis, 75 F.4th 428 (2023) and United States v. Miller, 75 F.4th 215 (2013). Thus, for the reasons explained in United States v. Brown, 2023 WL 4138246 (June 23, 2023), Norman is of doubtful validity because it depends entirely upon Campbell. And, Locklear is not precendential because it is an unpublished decision.

As a result, the Court has before it convoluted papers respecting the validity (or lack thereof) of the career enhancement given to Nichols.

As a consequence of these fundamental discrepancies and significant misrepresentations by Nichols, and the confusion created by the Addenda, the Court cannot accurately understand what the true basis for relief is and cannot intelligently address it. Certainly there is not an adequate joinder of the issues raised for the first time in the Addenda.

Accordingly, it is hereby ORDERED that the pro se MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i); THE FIRST STEP ACT CONFIRMED COVID-19 CASES AT THE PRISON; THE EXTRAORDINARY REHABILITATION BY NICHOLS AND THE FACT THAT HE IS NO LONGER A THREAT TO PUBLIC SAFETY (ECF No. 105) and the MOTION FOR SENTENCE REDUCTION BASED ON FIRST STEP ACT (ECF No. 112) are denied

without prejudice to the filing by counsel of a Renewed Motion for Compassionate Release unaccompanied and unadorned by the rather nonsensical writings submitted in the *Pro Se* Motion and the Addenda (ECF Nos. 122 and 125). In that regard, Nichols is advised that is cause is hurt, not helped, by submitting papers concocted by jailhouse lawyers when he has perfectly competent counsel. It is further ORDERED that the Clerk is instructed to accept no filings from Nichols himself but to place them in the file as "RECEIVED ONLY." Future communications on this motion will be through counsel.

The Clerk is directed to send a copy of the Memorandum Order to the defendant.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 16, 2024